WARNER vs. MULLANE.

*Court and jury—Instructions.*

1. Where, in ejectment, the record of a former action by the same plaintiff, involving the title to the same land, is read in evidence, it is for *the court* to determine whether the complaint therein charged one named as defendant in that action with having an interest in the land, and whether the judgment was conclusive upon such defendant; and this being affirmatively decided, it is for *the jury* to determine, upon other evidence appropriate to that point, whether the present defendant is the same person who was named and served as defendant in that suit.

2. It was therefore error, in such a case, to instruct the jury, that *if* the complaint in the former suit showed that the present defendant was therein charged with having an interest in the land in dispute, then the judgment was conclusive, etc.; since this implies either that the jury were to determine *from the facts stated in the former complaint,* the identity of the present defendant with one named and served in that suit; or that, such identity being conceded, they were to determine the sufficiency of that complaint to charge defendant with having an interest.

APPEAL from the Circuit Court for *Fond du Lac* County.

Ejectment, for a lot in the city of Appleton. The plaintiff appealed from a judgment in favor of the defendant; and the only question considered here arose upon an instruction given to the jury relative to the effect of a former action by the same plaintiff, involving the title to the same land, the record of which was read in evidence by the plaintiff. The nature of this record, and the instruction given relative thereto, will sufficiently appear from the opinion.

*W. S. Warner,* appellant, in person.

*Hudd & Wigman,* for respondent.

DIXON, C. J. In the suit by the present plaintiff against the former owners, to quiet the title to the lot in controversy, the record of which was given in evidence on the trial of this action, "Lucy P. Mullane, widow of William H. Mullane," appeared as one of the parties defendant in the title, and judgment was rendered against her by the same name and descrip-

tion. In the complaint, after the title, the names of the defendants were not repeated, except as they appeared in the tabular statement set out in the body of the complaint, showing the description and quantity of the lands, the dates of sale and amounts for which sold, and the names of the former owners and those claiming under them. In this statement, "Mrs. —— Mullane, widow of Wm. H. Mullane," appeared as one of the former owners of the lot in question. The summons, with a notice of the object of the action, was personally served in due form of law on "Lucy P. Mullane, widow of William H. Mullane," as is shown by the affidavit of service. The plaintiff was examined as a witness, and testified, without contradiction, that *Lucy P. Mullane*, the defendant in this action, is the identical person who was named and served as a party defendant in the former suit. Upon this evidence, the court, in the fourth instruction given, having first called attention to the testimony of the plaintiff on the point, directed the jury that if the complaint in that action (the former suit) showed that the defendant was charged in said complaint as having an interest in said lot, then the judgment was conclusive of the plaintiff's title, and he was entitled to recover in this action. This instruction may be interpreted in either of two ways, both of which seem to us to have been in law erroneous. It may mean that the jury were to determine, from the facts stated in the former complaint, whether the defendant in this action is the same person named and served in that suit or not; or it may mean, the fact of identity being conceded, that the jury were to consider and determine the sufficiency of the former complaint to charge the defendant as having an interest in the lot. In either point of view the instruction was incorrect. In the former, because the question of identity was one which from its nature could not by possibility be determined from any facts appearing in the complaint in the first suit; and in the latter, because the sufficiency of that complaint to charge the defendant with

having an interest in the lot was a question of law for the court, and not of fact for the jury. The jury should have been instructed, that if they found that the present defendant was the same person named and served in the former suit, the complaint in that suit was sufficient, and the judgment therein a bar, and conclusive of the plaintiff's title in this action.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.